# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DERIK WAYNE FRAZIER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 20-399-RAW-KEW |
| | ) |
| **SCOTT CROW, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss (Dkt. 9) Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma. He is attacking the execution of his sentences in Bryan County District Court Case Nos. CF-2017-111, CF-2017-619, and CF-2018-201.

Petitioner alleges that on October 26, 2018, he was sentenced in this Court to 120 months of incarceration. According to the Court's records for Case No. CR-18-056-RAW, Petitioner pleaded guilty to Felon in Possession of Firearm & Ammunition, and judgment was entered.[1] He further asserts that on November 21, 2018, he was sentenced in the three Bryan County, Oklahoma, District Court cases.

---

[1] "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds* by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Petitioner complains that the DOC is trying to make him serve his state sentences consecutively, when his state Judgments and Sentences indicate the sentences are concurrent with each other and with the federal sentence (Dkt. 1 at 2).[2] He contends that after he was sentenced in the state court, he should have been returned to federal custody to serve the federal sentence. He is requesting habeas relief in the form of his return to federal custody to commence his federal sentence.

Respondent alleges the petition is time-barred by the statute of limitations, and Petitioner has failed to exhaust his administrative and state-court remedies. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state-court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This requirement extends to the exhaustion of *administrative* remedies as well. *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (emphasis in original). *See also Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a petitioner must

---

[2] According to the DOC Offender website at https://okoffender.doc.ok.gov, Petitioner was received by DOC for his three Bryan County District Court cases at issue in this action on December 13, 2018. He discharged Case No. CF-2017-111 on May 11, 2020. The Court takes judicial notice of the DOC website pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

"exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus").

The record shows that on April 23, 2020, Petitioner submitted a Request to Staff to the DCF Records Department, asking to be returned to federal custody to begin his federal sentence (Dkt. 10-5).[3] The reviewing staff member responded, "I spoke to DOC & have been informed, 'you would need to contact Bryan County &/or the USMS to see if they want him to serve the federal time first. At this point, ODOC is following the court order from Bryan Co.'" *Id.*

Pursuant to DOC Offender Grievance Process OP-090124, an inmate may appeal the reviewing party's response to a grievance (Dkt. 10-6 at 1), however, Petitioner never filed an actual grievance or appeal. Instead, he submitted a Request to Staff. He alleges he did not file an appeal, "[b]ecause O.D.O.C. had already [sic] said what they had to say so thier [sic] was no reason to Appeal because it would have been futile" (Dkt. 1 at 3).

> Exhaustion of administrative remedies is not required when it would be futile. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). The futility exception, however, is quite narrow. We generally apply the exception when there has been an adverse decision disposing of the precise issue raised by the petitioner. *See Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991). [Petitioner] has not cited to any such adverse decision.

*Bun v. Wiley*, 351 Fed. App'x 267, 268, 2009 WL 3437831, at *2 (10th Cir. Oct. 27, 2009)

---

[3] Respondent refers to the Request to Staff as a "grievance," however, an inmate may file a grievance *after* his Request to Staff is answered. After conclusion of a grievance, the prisoner then may appeal to the Administrative Review Authority. *See* OP-090124(V)-(VIII) at https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-09/op090124.pdf; Dkt. 10-6.

(unpublished). Here, the Court finds Petitioner's unsupported and conclusory assertion of futility does not warrant an exception to the exhaustion requirement for administrative remedies.

Despite the suggestion in the response to the Request to Staff, there is no record of Petitioner's making any attempt to exhaust his state-court remedies in the Bryan County District Court through an application for post-conviction relief under Okla. Stat. tit. 22, § 1080. In addition, he has raised no argument that this avenue was unavailable to him. Further, to the extent Petitioner asks for a stay of this action so he can pursue his state-court remedies, the Court finds a stay is not warranted, because he has failed to show good cause for his failure to exhaust his state-court remedies. *See Rhines v. Weber*, 544 U.S. 267, 277 (2005).

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 9) is GRANTED for Petitioner's failure to exhaust administrative and state-court remedies, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 14th day of July 2021.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA